IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN A. EARHEART, JR., | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-01107 |
| v. | ) JUDGE RICHARDSON |
| CENTRAL TRANSPORT, LLC, | ) |
| Defendant. | ) |

### ORDER AND MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 8) ("Motion"). Defendant has filed a response in opposition (Doc. No. 11), and Plaintiff has filed a reply (Doc. No. 12). For the reasons stated herein, Plaintiff's Motion is **DENIED**.

Plaintiff is a citizen and resident of Tennessee. Defendant is an Indiana limited liability company with two members, MJM Investment Holdings, LLC ("MJM") and MTM Investment Holdings, LLC ("MTM"). The sole member of MJM is Manuel J. Moroun, as Trustee of the Manuel J. Moroun Trust. Manuel J. Moroun is a citizen and resident of Michigan. The sole member of MTM is Matthew T. Moroun, who is also a citizen and resident of Michigan. (Doc. Nos. 1 and 11). Plaintiff does not dispute these facts.

Limited liability companies "have the citizenship of each partner or member." *Dan's Gourmet Spot, LLC v. Versa Mktg., Inc.*, No. 16-02487, 2017 WL 9807431, at *1 (M.D. Tenn. Oct. 19, 2017) (quoting *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010)); *see also B&L Mgmt. Grp., LLC v. Adair*, No. 17-2197, 2019 WL 3459244, at *1 (W.D. Tenn. July 31, 2019). Where a limited liability company does business simply does not matter for purposes

of determining its citizenship; not even the state of its principal place of business matters for purposes of that determination. *See Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 325 (E.D. Ky. 2011) (a limited liability company's "principal place of business . . . is not relevant to its citizenship determination."). To put it slightly differently, "a limited-liability company . . . is a citizen of every state of citizenship of its members." *Pitt Exavating, LLC v. Pitt*, 603 F. App'x 393, 396 (6th Cir. 2015) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195 (1990)). For determining citizenship for diversity purposes, the rule for limited liability companies is different from the rule for corporations and is the straightforward and single-focused one noted above: a limited liability company "has the citizenship of each of its members." *Baker v. R.G. Transp., LLC*, No. CIV. 07-174-ART, 2008 WL 1069193, at *1 (E.D. Ky. Apr. 4, 2008) (collecting cases). Plaintiff does not dispute that this is the law.

What Plaintiff asks is for the Court to ignore this federal law and remand this case to state court because "for all purposes, practically and otherwise, the Defendant is a Tennessee citizen and should be made to account in Tennessee State Court for the violations it committed in Tennessee." (Doc. No. 8 at 3). Plaintiff contends that Defendant is domiciled in Tennessee, has five locations in Tennessee, and has employees, offices, and significant assets in Tennessee. He claims that not being able to sue Defendant in Tennessee state court is unjust. (*Id*.) In reply to Defendant's response, Plaintiff states that it is nonsensical (and the purpose and point of his Motion to Remand) "that a Tennessee man fired from his Tennessee job because he filed a Tennessee worker's compensation claim is allegedly unable to seek redress in Tennessee State Court." (Doc. No. 12).

Despite Plaintiff's perceptions of the (lack of) sensibility and justness of the law cited above, this Court is bound by the law as set forth by the Sixth Circuit: a limited liability company

2

is a citizen of every state of citizenship of its members. It is not the citizen of any other state, regardless of whether a party feels that it should be treated as the citizen of some other state and that so doing would prevent injustice.

Accordingly, there is diversity of citizenship in this case, the amount in controversy undisputedly exceeds $75,000 (Doc. No, 1-1 at 10), Defendant's removal was proper, and this Court has jurisdiction to hear this case. 28 U.S.C. § 1332(a). Plaintiff's Motion to Remand (Doc. No. 8) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

3

Case 3:19-cv-01107   Document 22   Filed 06/01/20   Page 3 of 3 PageID #: 92